THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
FRANK TANZARELLO, PLAINTIFF IN ERROR.

Submitted March 22, 1923—Decided June 21, 1923.

**Alibi—Instructions of Court—The Law of Alibi—What Constitutes.**

On writ of error to the Passaic County Quarter Sessions
Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the plaintiff in error, *Weinberger & Weinberger.*

For the state, *Jacob Willard De Yoe,* prosecutor of the
pleas.

PER CURIAM.

.This writ of error brings up for review the judgment en-
tered upon the conviction of the plaintiff in error upon an
indictment for statutory arson.

At the trial the plaintiff in error took, among others,
exceptions to the refusal of the court to charge certain re-
quests to charge, and took also a general exception to the
charge.

The main insistence here is that the court wrongfully
refused to instruct the jury on the law of *alibi,* notwithstand-
ing he was expressly requested so to do and notwithstanding
*alibi* was the defence set up by defendant, and notwithstand-
ing there was evidence tending to support such *alibi.*

Request No. 12 reads: "If a reasonable doubt of guilt is
raised even by inconclusive evidence of the *alibi,* the defend-
ant is entitled to the benefit thereof and should be acquitted."

That request was denied, and we think there was evidence
*tending* to establish an *alibi.* It is true that it was *incon-
clusive,* but in these circumstances, when the trial court was
requested to charge the law of *alibi,* he should have done so.

Where (as here) a request to charge calls for the application of a correct legal principle is applicable to the testimony and clearly material to defendant's case, he is entitled to have it distinctly charged in such way as not to leave room for misapprehension or mistake by the jury. *State* v. *De Geralmo,* 83 *N. J. L.* 135.

The indictment in that case was for rape; defendant presented testimony tending to prove an *alibi.* He requested the court to charge "that if reasonable doubt of guilt is raised, even by inconclusive evidence of the *alibi,* defendant is entitled to the benefit of it." (This was the very language of the twelfth request to charge in the case at bar.) By way of reply, the trial court said, "I will charge you that the evidence must satisfy you of the defendant's guilt beyond a reasonable doubt." The Supreme Court held that this was not a legal compliance with the request, the court not having dealt with the subject-matter of the request in any part of the charge.

That is precisely the situation here. The trial court charged generally that the state was bound to satisfy the jury of defendant's guilt beyond a reasonable doubt, but did not advert to the law of *alibi* at all.

In *Roe* v. *State,* 45 *N. J. L.* 49 (cited in the above mentioned case), the court said:

"One of the most important duties of the court is to declare the law applicable to a case to the jury when requested so to do."

The error was prejudicial to the defendant and hence requires a reversal.

Since there must be a new trial we remark that we find no other error in the record.

The judgment will be reversed and a new trial awarded.